UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KEVIN GOFF, )
)
    Plaintiff, )
)
v. ) No 3 06 0668
) Judge Trauger
FIRST MEDICAL MANAGEMENT, )
ET AL., )
)
    Defendants )

## MEMORANDUM

### INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Riverbend Maximum Security Institution ("Riverbend") in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 naming the following defendants: 1) First Medical Management; 2) The Tennessee Department of Correction; 3) Suesann Rickard,[1] Health Services Administrator at Riverbend. Seeking injunctive relief only, the plaintiff alleges that the defendants have violated his rights under the Eighth Amendment.

The plaintiff asserts that he has chronic Hepatitis C. (Complaint, ¶ IV, p 3) The plaintiff avers that he has asked the medical staff at Riverbend to receive Interferon therapy, but that his request has been denied. (Complaint, ¶ IV, p 3) Instead, according to the plaintiff, the Riverbend staff gave him "a shot in the arm and ... told [him that he] would have to take a shot every three months ... to get [his] body immune to Hepatitis A and B ." (Complaint, ¶ IV, p 3) The

---

[1] The plaintiff spells this defendant's name in two different ways: Suesann Rickard in the style of the case and Suesann Reichard in paragraph III B of the complaint.

plaintiff contends that denying him Interferon therapy amounts to deliberate indifference to his serious medical needs. (Complaint, ¶ IV, p 3)

## ANALYSIS

### Exhaustion

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to exhaust all available administrative remedies before filing a § 1983 action in district court. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 733 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of § 1997e(a) is "mandatory," and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the remedy sought is not an available remedy in the administrative process." *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999).

Before the district court may adjudicate any claim set forth in a prisoner's complaint, it must first determine that the plaintiff has complied with this exhaustion requirement. *Brown*, 139 F.3d at 1004. To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003). A prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Neither may a prisoner abandon the process before completion and then claim that he exhausted his remedies, or that it is now futile for him to do so. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)(*citing Wright*, 111 F.3d at 417 n. 3).

The prisoner has the burden of demonstrating that he has exhausted his administrative

2

remedies  *Brown*, 139 F.3d at 1004. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his complaint a copy of any decision demonstrating the administrative disposition of his claims. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Wyatt*, 193 F.2d at 878; *Brown*, 139 F.3d at 1104. However, where no documentation is provided, absent particularized averments regarding the nature of the administrative proceedings and their outcome, the action must be dismissed under § 1997(e). *Knuckles El*, 215 F.3d at 642.

The plaintiff has provided a copy of a grievance that he claims to have filed regarding this matter. (Complaint, Attach. Griev.) However, it cannot be determined from the copy that the plaintiff actually filed the grievance, *i.e.*, there are no signatures, dates, or any other entries on the copy that would indicate that the grievance has been submitted to/reviewed by competent authority. Moreover, the plaintiff does not provide any information in the body of the complaint that would assist the court in determining whether he actually filed his grievance, much less that he pursued it through one complete round of the administrative process. Finally, the outcome of the alleged grievance proceedings cannot be determined. On the contrary, in the body of the complaint where the plaintiff is asked to specify the results of his grievance, he simply writes "unknown." (Complaint, ¶ II.C.2, p. 2)

For the reasons explained above, the plaintiff has failed to establish that he exhausted his administrative remedies prior to bringing this action in district court. Because a "prisoner may not exhaust administrative remedies during the pendency of the federal suit," *Freeman*, 196 F.3d at 645, and because under the PLRA "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *Baxter v. Rose*, 305 F.3d 486, 488-490 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), the plaintiff's complaint normally would be dismissed at this juncture without prejudice for failure to exhaust his administrative

3

remedies. However, where, as here, the claims satisfy the provisions of 42 U.S.C. § 1915(e)(2), the claims may be dismissed on the merits without requiring exhaustion if they are frivolous, malicious, or fail to state a claim on which relief may be granted. *See* 42 U.S.C. § 1997e(c)(2); *Brown*, 139 F.3d at 1103-04.

Analysis Under 28 U.S.C. § 1983

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore*

4

*v Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To establish a violation of his constitutional rights resulting from a denial of adequate medical care, the plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n.5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06.

An Eighth Amendment claim of denial of adequate medical care has both an objective and subjective component. The objective component requires that the plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that the defendants were deliberately indifferent to the plaintiff's medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt*, 974 F.2d at 735. However, complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle v. Gamble*, 429 U.S. at 105-06. Moreover, a prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level of an Eighth Amendment violation. *Id* at 107. Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

The plaintiff concludes the factual allegations in his complaint with the following statement: "I am not claiming or stating... [that] I have been denied medical treatment, I am claiming ... [that

Case 3:06-cv-00668   Document 3   Filed 07/03/06   Page 5 of 6 PageID #: 29

the defendants have] been deliberately indifferen[t] to [the] proper treatment for Hepatitis 'C'" (Complaint, ¶ IV, p. 3) From this statement, it is clear that the plaintiff merely disputes the adequacy of the treatment that he is being provided. As noted above, however, the courts will not second guess the medical judgment of prison officials and constitutionalize claims that are more properly brought in the state courts under state tort law.

As reasoned above, the plaintiff's complaint lacks an arguable basis in law or fact. Therefore, the complaint will be dismissed as frivolous.

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge

6